UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL KEVIN JOHNSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JUDGE PATRICIA J. GIFFORD, et al., )<br>)<br>Defendants. ) | No. 1:09-cv-824-DFH-TAB |

**Entry and Order Directing Dismissal of Action**

Plaintiff Michael Kevin Johnson ("Johnson") is confined at an Indiana prison and seeks damages in this action from those he claims are responsible for his unjust conviction. Johnson's claims are asserted pursuant to 42 U.S.C. § 1983.

Because Johnson, is a prisoner, his complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* This process is required despite the fact that Johnson has paid the filing fee. *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999).

Although Johnson seeks damages from several individuals who would be entitled to immunity based on the circumstances he alleges–the trial court judges, appellate judges, and the prosecutors–and against other defendants whose potential liability under § 1983 would for various reasons be problematic at best–defense counsel, a municipal office, the Chief of Police, and Johnson's prison custodian–there is a more fundamental obstacle to Johnson proceeding here.

Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *see also Woodard v. Jackson,* 2004 WL 771244, at *8 (S.D.Ind. 2004). That is the case here because for Johnson to prevail on his claims would necessarily imply the invalidity of his conviction in the state court associated with his allegations. Because of this,

these claims cannot proceed. *Muhammad v. Close,* 540 U.S. 749, 751 (2004)(citing *Heck v. Humphrey,* 512 U.S. 477 (1994)); *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007) ("*Heck* . . . holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.").

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because Johnson has pleaded himself out of court. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and **judgment** consistent with this Entry shall now issue. The dismissal shall be **without prejudice**.

Johnson's motion for appointment of counsel (dkt 4) is **denied** as moot because the disposition required in this action pretermits an inquiry into the plaintiff's abilities related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007).

**IT IS SO ORDERED.**

Date: August 27, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana