UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL KEVIN JOHNSON,          )
                                )
          Plaintiff,            )
                                )
v.                              )     No. 1:09-cv-824-DFH-TAB
                                )
JUDGE PATRICIA J. GIFFORD, et al., )
                                )
          Defendants.           )

**Entry and Notice**

     A portion of the letter received from the plaintiff in this civil rights action on September 1, 2009, questions the development of the action and inquires in particular into the status of his motion for appointment of counsel. However, the action was resolved in the *Judgment* entered on the clerk's docket on August 27, 2009. In the Entry accompanying that *Judgment* the court denied the plaintiff's motion for appointment of counsel. Nothing in the letter received on September 1, 2009, suggests that there is any sound basis on which to modify or alter the *Judgment.* See *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998)(explaining that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error of law).

     The remainder of the letter received from the plaintiff on September 1, 2009, relates the plaintiff's distress with certain treatment he describes as being subjected to at the prison where he is confined. Such concerns may arise from treatment or conditions of confinement which are or which could be actionable, but there is nothing actionable about them in this case–because (1) the case is closed, *Amendola v. Bayer,* 907 F.2d 760, 765 n.1 (7th Cir. 1990) ("In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)."), and (2) the subject matter of the concerns in this latter portion of the letter are not related to either the events described in the complaint or the defendants in the case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)( "Unrelated claims against different defendants belong in different suits."; instead, Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants).

Based on the foregoing, therefore, all relief which is sought or which could be understood as being sought through the plaintiff's filing of September 1, 2009, is **denied.** Nothing in this ruling, however, shall prevent the plaintiff from seeking additional relief which is proper–administrative or judicial–in an appropriate forum.

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: September 3, 2009

Distribution:

Michael Kevin Johnson
#973475
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362