**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL KEVIN JOHNSON,       )<br>                              )<br>        Plaintiff,            )<br>                              )<br>v.                            )   No. 1:09-cv-824-DFH-TAB<br>                              )<br>JUDGE PATRICIA J. GIFFORD, et al., )<br>                              )<br>        Defendants.           ) | |

**Entry Discussing Motion for New Trial**

    This civil rights action was dismissed without prejudice in the court's Judgment of August 27, 2009. The dismissal was without prejudice based on the rule in *Heck v. Humphrey,* 512 U.S. 477 (1994), that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon..

    The matter is now before the court on the plaintiff's motion for new trial, signed by him on September 3, 2009, and filed with the clerk on September 11, 2009. Based on application of the prison mail-box rule, *Houston v. Lack,* 487 U.S. 266, 271 (1988) (a pro se prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing), the motion for new trial is considered to have been filed on the date it was signed.

    Johnson asserted various claims based on his view that he had been improperly prosecuted and convicted in an Indiana state court. The screening required by 28 U.S.C. § 1915A(b) produced the disposition described above.

    Given the timing of the plaintiff's motion for new trial, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error of law. See *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). The plaintiff supports his motion for new trial by renewing and elaborating on the claims asserted in the complaint. This avails him nothing, however, because those claims remain barred by the rule in *Heck.* Accordingly, there was no "manifest error of law or fact" here. Accordingly, the plaintiff's motion for new trial (dkt 9), treated as a motion to alter or amend judgment, is **denied.**

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date: September 18, 2009

Distribution:

Michael Kevin Johnson
#973475
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362